## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> *Plaintiff*, <br><br> vs. <br><br> BOE TECHNOLOGY GROUP CO. LTD., BEIJING BOE DISPLAY TECHNOLOGY CO., LTD., <br><br> *Defendants*. | CASE NO. 2:21-cv-121 <br><br> **Complaint for Patent Infringement** <br><br> **JURY DEMANDED** |

### Complaint for Patent Infringement

Plaintiff Solas OLED Ltd. ("Solas") files this complaint against BOE Technology Group Co. Ltd. and Beijing BOE Display Technology Co., Ltd. (together, "Defendants"), alleging infringement of U.S. Patent Nos. 7,499,042 and 7,663,615 ("Asserted Patents"). The Accused Products are the OLED panel displays made, used, offered for sale, sold, imported by Defendants in the United States and supplied by Defendants to their customers and integrated into electronic devices sold in the United States.

**Plaintiff Solas OLED and the Patents-in-Suit.**

1.      Plaintiff Solas is a technology licensing company organized under the laws of Ireland, with its headquarters at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.

2.      Solas is the owner of U.S. Patent No. 7,499,042, entitled "Display Device, Data Driving Circuit, and Display Panel Driving Method," which issued March 3, 2009 (the "'042 patent"). A copy of the '042 patent is attached to this complaint as Exhibit 1.

1

3.     Solas is the owner of U.S. Patent No. 7,663,615, entitled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method," which issued February 16, 2010 (the "'615 patent").  A copy of the '615 patent is attached to this complaint as Exhibit 2.

### Defendants and the Accused Products.

4.     On information and belief, Defendant BOE Technology Group Co. Ltd., is a corporation organized under the laws of the People's Republic of China, with its principal place of business at 181 No.12 Xihuanzhong Rd, BDA, Beijing, 100176, People's Republic of China.

5.     On information and belief, Beijing BOE Display Technology Co., Ltd., a subsidiary of BOE Technology Group Co. Ltd., produces certain Accused Products abroad, including in China, that are then sold for importation into the United States, imported into the United States, and/or sold within the United States after importation.

6.     The Accused Products include active-matrix organic light-emitting diode (AMOLED) panel displays made, used, offered for sale, sold, imported by Defendants in the United States and supplied by Defendants to its customers and integrated into electronic devices imported into and/or sold in the United States, including without limitation the Motorola Edge mobile phone.

### Jurisdiction and Venue.

7.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole such that the

exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed acts of infringement of Solas's patents giving rise to this action, such as by supplying to customers the Accused Products that are integrated in products sold in this District, including without limitation the Motorola Edge mobile phone, directly and through subsidiaries, intermediaries, and third parties, have committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants are foreign corporations. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3).

**Count 1 – Claim for infringement of the '042 patent.**

10.     Solas incorporates by reference each of the allegations in paragraphs 1–9 above and further alleges as follows:

11.     On March 3, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,499,042, entitled "Display Device, Data Driving Circuit, and Display Panel Driving Method." Ex. 1.

12.     Solas is the owner of the '042 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

13.     Each claim of the '042 patent is valid, enforceable, and patent-eligible.

14.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '042 patent, and Solas is entitled to damages for Defendant's past infringement.

15.     Defendants have directly infringed (literally and equivalently) and induced others to infringe the '042 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '042 patent and by inducing others to infringe the claims of the '042 patent without a license or permission from Solas.

16.     On information and belief, Defendants make, offer for sale, and sell certain infringing products such as OLED display panels to customers, who integrate the infringing products into products that are sold to consumers, such as mobile phones.

17.     Defendants also knowingly and intentionally induce and contribute to infringement of the '042 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '042 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '042 patent, Defendants continue to actively encourage and instruct its customers to use and integrate the accused products in ways that directly infringe the '042 patent. Defendants do so knowing and intending that their customers will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the accused products, despite their knowledge of the '042 patent, thereby specifically intending for and inducing their customers to infringe the '042 patent through the customers' normal and customary use of the Accused Products.

18.     Defendants have infringed multiple claims of the '042 patent, including independent claim 1. By way of example only, the Accused Product integrated into the Motorola Edge mobile phone infringes an exemplary claim of the '042 patent, as described in the claim

4

chart attached as Exhibit 3, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

19.     Defendants have known how the Accused Products are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to their customers, who integrate the Accused Products into products imported into and sold within the United States, would constitute willful infringement of the '042 patent. Those products imported into and sold within the United States include, without limitation, Motorola Edge mobile phones.

20.     Defendants have induced, and continue to induce, infringement of the '042 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products and devices that integrate the Accused Products.  On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products;  providing information, education and instructions to its customers;  providing the Accused Products to customers;  and indemnifying patent infringement within the United States.

21.     Solas has been damaged by Defendants' infringement of the '042 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 2 – Claim for infringement of the '615 patent.**

22.     Solas incorporates by reference each of the allegations in paragraphs 1–30 above and further alleges as follows:

23.     On February 16, 2010, the United States Patent and Trademark Office issued U.S. Patent No. U.S. Patent No. 7,663,615, entitled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method."  Ex. 2.

24.     Solas is the owner of the '615 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

25.     Each claim of the '615 patent is valid, enforceable, and patent-eligible.

26.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '615 patent, and Solas is entitled to damages for HP's past infringement.

27.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '615 patent, and Solas is entitled to damages for Defendant's past infringement.

28.     Defendants have directly infringed (literally and equivalently) and induced others to infringe the '615 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '615 patent and by inducing others to infringe the claims of the '615 patent without a license or permission from Solas.

29.     On information and belief, Defendants make, offer for sale, and sell certain infringing products such as OLED display panels to customers, who integrate the infringing products into products that are sold to consumers, such as laptop computers and mobile phones.

30.     Defendants also knowingly and intentionally induce and contribute to infringement of the '615 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '615 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '615 patent, Defendants continue to actively encourage and instruct its customers to use and integrate the accused products in ways that directly infringe the '615 patent. Defendants do so knowing and intending that their customers will commit these infringing acts. Defendants also continue to

make, use, offer for sale, sell, and/or import the accused products, despite their knowledge of the '615 patent, thereby specifically intending for and inducing their customers to infringe the '615 patent through the customers' normal and customary use of the Accused Products.

31.     Defendants have infringed multiple claims of the '615 patent, including independent claim 11. By way of example only, the Accused Product integrated into the Motorola Edge mobile phone infringes an exemplary claim of the '615 patent, as described in the claim chart attached as Exhibit 4, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

32.     Defendants have known how the Accused Products are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to their customers, who integrate the Accused Products into products imported into and sold within the United States, would constitute willful infringement of the '615 patent. Those products imported into and sold within the United States include, without limitation, Motorola Edge mobile phones.

33.     Defendants have induced, and continue to induce, infringement of the '615 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products and devices that integrate the Accused Products.  On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

34.     Solas has been damaged by Defendants' infringement of the '615 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Jury demand.**

35.     Solas demands trial by jury of all issues.

**Relief requested.**

Solas prays for the following relief:

A.      A judgment in favor of Solas that Defendants have infringed the '042 patent, the '615 patent, the '338 patent, and the '450 patent, and that the '042 patent, the '615 patent, the '338 patent, and the '450 patent are valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Defendants to pay Solas compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C.      A permanent injunction prohibiting Defendants from further acts of infringement of the '042 patent and the '615 patent;

D.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Solas, including, without limitation, pre-judgment and post-judgment interest;

E.      A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Solas' reasonable attorney's fees and costs; and

F.      Any and all other relief to which Solas may be entitled.

Dated:   April 1, 2021

Respectfully submitted,

By: */s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF,
SOLAS OLED, LTD.**